23-7965
Khakimova v. Bondi

BIA
A089 413 322

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-six.

PRESENT:
 DENNIS JACOBS,
 BETH ROBINSON,
 MARIA ARAÚJO KAHN,
 *Circuit Judges.*

_____

NILUFAR ERGASHEVNA KHAKIMOVA,
 *Petitioner*,

 v.                                                    **23-7965**
                                                        **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
 *Respondent.*

_____

**FOR PETITIONER:** Glenn L. Formica, FORMICA, P.C., New Haven, CT.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nilufar Ergashevna Khakimova, a native and citizen of Uzbekistan, seeks review of a November 22, 2023, decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen to submit additional evidence of hardship in support of her application for cancellation of removal. *In re Nilufar Ergashevna Khakimova*, No. A089 413 322 (B.I.A. Nov. 22, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Khakimova primarily argues that her notice to appear ("NTA") was insufficient to vest jurisdiction with the immigration court. As the Government contends, Khakimova did not present this argument to the immigration judge or the BIA in the underlying proceedings or to the BIA in her motion to reopen. Thus,

2

it is unexhausted and not properly before us. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reiterating that issue exhaustion is mandatory where the Government raises it).

Nonetheless, the argument is foreclosed. An NTA "that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the" applicant. *Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022) (quoting *Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) and citing *Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021)). Here, the agency had jurisdiction because Khakimova received hearing notices and appeared at her hearings.

Khakimova's challenges to the BIA's denial of her motion to reopen also fail. We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). And our review here is limited to constitutional claims and questions of law because cancellation of removal is

3

discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

The BIA applied the correct legal standard in requiring Khakimova to establish that her new evidence would likely change the outcome of her claim for cancellation of removal. In the context of a motion to reopen to present additional evidence in support of a claim for a form of relief already considered, the agency will "ordinarily" deny remand unless the movant "meets a 'heavy burden'" to show that "the new evidence offered would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992) (explaining that, in such cases, the prima facie case is generally not at issue because it was established when the movant was initially given an opportunity to apply for relief, and equities resulting from the passage of time alone might be considered "new evidence," so an additional limitation is appropriate to counterbalance the delays attendant to reopening); *see also Paucar v. Garland*, 84 F.4th 71, 82–83 (2d Cir. 2023) (noting that burden for reopening based on evidence not previously available is whether "the evidence would likely change the result in the case" (quotation marks omitted)). Thus, the BIA appropriately assessed whether Khakimova's new evidence would likely change the result of her case, i.e., whether the new evidence of her parents' medical conditions changed whether she could show that her removal would

4

cause them "exceptional and extremely unusual hardship" for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D); *see Paucar*, 84 F.4th at 82–83; *Matter of Coelho*, 20 I. & N. Dec. at 473.

She also argues that the BIA engaged in improper fact-finding in concluding there was "no evidence" that her parents could not remain in the United States to receive medical care. To satisfy the "exceptional and extremely unusual hardship requirement," Khakimova had to show that the evidence was likely to establish that her removal would cause hardship to her parents "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted). The agency and courts "consider the ages, health, and circumstances of qualifying . . . relatives." *Id*. at 63. "[A]n applicant who has elderly parents in this country who are solely dependent upon [her] for support might well have a strong case." *Id*. It was Khakimova's burden to establish that reopening was warranted based on her parents' worsening health, and the BIA did not err by assessing her evidence to determine whether it was likely to change the outcome of the hardship determination. *See* 8 U.S.C. § 1229b(b)(1)(D); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) ("requir[ing] the alien to carry the

5

'heavy burden' of demonstrating that the proffered new evidence would likely alter the result in her case" (quotation marks omitted)).

Khakimova does not challenge any other aspect of the BIA's denial of her motion to reopen, i.e., she has otherwise abandoned review of the decision because she does not identify evidence that the BIA overlooked or argue that an incorrect hardship standard was applied. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment" (quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court